James C. Shah
Ronald S. Kravitz
MILLER SHAH LLP
456 Montgomery Street, Suite 1900
San Francisco, CA 94104
Telephone: (866) 540-5505
Facsimile: (866) 3007367
Email: jcshah@millershah.com
        rskravitz@millershah.com

*Attorneys for Plaintiffs, the Plan,
and the Proposed Class*

Donald Patrick Sullivan
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, CA 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Donald.Sullivan@jacksonlewis.com

*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Sutter Health ERISA Litigation* | Case No. 1:20-cv-01007-JLT-BAM |
| | **STIPULATION AND [PROPOSED] ORDER REGARDING CLASS CERTIFICATION** |
| | Amended Consolidated Complaint filed: November 11, 2020 |

///

///

///

///

///

///

///

Plaintiffs Christina Bonicarlo, Nicole Garcia, Ronald Hudson, Adam Blackburn, Robert L. Hackett, Tabitha Hoglund, Stephanie Chadwick (collectively, "Plaintiffs"), and Defendant Sutter Health ("Defendant" and with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree as follows (the "Stipulation"):

WHEREAS, Plaintiffs filed their Amended Consolidated Class Action Complaint (ECF No. 26, the "Complaint") on November 11, 2020 on behalf of the Sutter Health 403(b) Savings Plan (the "Plan") and a proposed class of participants and beneficiaries of the Plan;

WHEREAS, the Court denied Defendant's motion to dismiss the Complaint on February 9, 2023 (*see* ECF No. 89);

WHEREAS, the Parties stipulated to the voluntary dismissal of the Sutter Health 403(b) Savings Plan Committee as a defendant to the above-captioned matter in June 16, 2023 (ECF No. 101); and

WHEREAS, the Parties have met and conferred regarding streamlining the litigation for purposes of the efficient management of the litigation.

THE PARTIES HEREBY STIPULATE AND AGREE, SUBJECT TO THE COURT'S APPROVAL, AS FOLLOWS:

1. The following class ("Class") shall be certified to pursue the claims set forth in the Complaint:

> All participants and beneficiaries in the Sutter Health 403(b) Savings Plan at any time on or after July 21, 2014 to the present (the "Class Period").

2. The Class is numerous, as the Plan had thousands of participants during the Class Period.

3. At this time, the Parties agree there are common issues related to the claims of the Class including *inter alia*: (1) whether the Plan fiduciaries discharged their duties of prudence and loyalty with respect to the Plan in (a) monitoring investment options in the Plan and (b) monitoring the Plan's recordkeeping and administrative services arrangements; (2) whether the Plan and its participants and beneficiaries were injured by any breaches of duty; and (3) whether the Plan and its

- 1 -

STIPULATION AND [~~PROPOSED~~] ORDER
REGARDING CLASS CERTIFICATION
1:20-cv-01007-JLT-BAM

participants and beneficiaries are entitled to any recovery and the measure of any such recovery.

4. At this time, the Parties agree that Plaintiffs are typical of other Class members with respect to the claims at issue in this litigation, as they participated in the Plan during the Class Period and were treated consistently with other Class members.

5. At this time, the Parties agree that Plaintiffs are adequate to represent the Class and have no known conflicts with any Class members.  In addition, Plaintiffs have retained competent and experienced counsel, associated with Miller Shah LLP and Capozzi Adler, P.C., on behalf of the Class.  At this time, the Parties agree that neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this action.  Plaintiffs and their counsel are adequate to represent the Class.

6. At this time, the Parties agree that certification of the Class is appropriate under Federal Rule of Civil Procedure 23(b)(1)(A) because prosecuting separate actions against Defendant would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

7. At this time, the Parties agree that certification of the Class is also appropriate under Federal Rule of Civil Procedure 23(b)(1)(B) because adjudications as to individual Class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

8. Plaintiffs may be appointed as Class representatives.

9. Miller Shah LLP and Capozzi Adler, P.C. may be appointed as Class counsel.

10. This Stipulation does not waive any affirmative defenses Defendant may have as to any member of the Class.  Any waiver of affirmative defenses deemed to be made by virtue of this Stipulation shall be consistent with, and limited by, the terms of this Stipulation.  Any such waiver would be deemed by the Parties to have been voided in the event that Defendant exercises the options set forth in paragraph 11.

11. This Stipulation is without prejudice to any party's ability to seek relief under Rule

23(c)(1)(C) at any time before final judgment, based on a good-faith belief that, because of changed circumstances or new information, the Class no longer satisfies the requirements of Rule 23(a) or 23(b)(1). Such relief may include, without limitation, decertification, modification of the Class definition, or certification of sub-classes.

12. Class certification has been granted in ERISA cases involving defined contribution plans in the Ninth Circuit and around the country. *See, e.g.*, *Munro v. Univ. of Southern California*, 2019 WL 7842551 (C.D. Cal. Dec. 20, 2019); *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, 2017 WL 2655678 (C.D. Cal. June 15, 2017); *In re Northrop Grumman Corp. ERISA Litig.*, 2011 WL 3505264 (C.D. Cal. Mar. 29, 2011); *Foster v. v. Adams & Assocs., Inc.*, 2019 WL 4305538 (N.D. Cal. Sept. 11, 2019); *Norris v. Mazzola*, 2017 WL 6493091 (N.D. Cal. Dec. 19, 2017); *Cryer v. Franklin Templeton Resources, Inc.*, 2017 WL 4023149 (N.D. Cal. July 26, 2017); *Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 112 (N.D. Cal. 2008).

13. Similar stipulations regarding class certification also have been approved in other ERISA cases involving defined contribution plans. *See In re Biogen, Inc. ERISA Litig.*, No. 1:20-cv-11325-DJC, ECF No. 104 (D. Mass. Nov. 8, 2022); *In re MedStar ERISA Litig.*, No. 1:20-cv-01984-DLB, ECF No. 64 (D. Md. July 12, 2022); *Feinberg v. T. Rowe Price Group, Inc.*, No. 1:17-cv-00427 (D. Md. May 17, 2019); *Reetz v. Lowe's Cos., Inc.*, No. 5:18-cv-00075, ECF No. 97 (W.D.N.C. 5:18-cv-00075); *Moitoso v. FMR LLC*, No. 1:18-cv-12122, ECF No. 83 (D. Mass. May 7, 2019); *Velazquez v. Mass. Fin. Srvs. LLC*, No. 1:17-cv-11249, ECF No. 94 (D. Mass. June 25, 2019); *Pledger v. Reliance Tr. Co.*, No. 1:15-cv-4444, ECF No. 101 (N.D. Ga. Nov. 7, 2017).

IT IS SO STIPULATED this 22nd day of January, 2024.

| /s/ *James C. Shah* | /s/ *Donald Patrick Sullivan* |
|---|---|
| James C. Shah | Donald Patrick Sullivan |
| Ronald S. Kravitz | JACKSON LEWIS P.C. |
| MILLER SHAH LLP | 50 California Street, 9th Floor |
| 456 Montgomery Street, Suite 1900 | San Francisco, CA 94111-4615 |
| San Francisco, CA 94104 | Telephone: (415) 394-9400 |
| Telephone: (866) 540-5505 | Facsimile: (415) 394-9401 |
| Facsimile: (866) 3007367 | Donald.Sullivan@jacksonlewis.com |
| Email: jcshah@millershah.com | |

rskravitz@millershah.com

James E. Miller
Laurie Rubinow
MILLER SHAH LLP
65 Main Street
Chester, CT 06412
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: jemiller@millershah.com
     lrubinow@millershah.com

Alec J. Berin
MILLER SHAH LLP
1845 Walnut Street, Suite 806
Philadelphia, PA 19103
Telephone: (866) 540-5505
Facsimile: (866) 300-7367
Email: mpols@millershah.com
     ajberin@millershah.com

Donald R. Reavey
CAPOZZI ADLER, P.C.
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

Mark K. Gyandoh
CAPOZZI ADLER P.C.
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Daniel L. Germain
ROSMAN & GERMAIN LLP
16311 Ventura Blvd, Suite1200
Encino, CA 91436-2152
Telephone: (818) 788-0877
Facsimile: (818) 788-0885
Email: Germain@lalawyer.com

*Attorneys for Plaintiffs, the Plan,
and the Proposed Class*

Howard Shapiro (admitted *pro hac vice*)
Stacey C.S. Cerrone (admitted *pro hac vice*)
Lindsey H. Chopin (admitted *pro hac vice*)
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, LA 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759
Howard.Shapiro@jacksonlewis.com
Stacey.Cerrone@jacksonlewis.com
Lindsey.Chopin@jacksonlewis.com

*Attorneys for Defendant*

**ORDER**

Considering the above stipulation in light of the entire record:

1. The following class ("Class") is certified to pursue the claims set forth in the Complaint:

> All participants and beneficiaries in the Sutter Health 403(b) Savings Plan at any time on or after July 21, 2014 to the present (the "Class Period").

2. The Court finds the Class to be numerous, as the parties have stipulated that the Plan had thousands of participants during the Class Period.

3. The Parties stipulate, and the Court finds, that there are common issues related to the claims of the Class including *inter alia*: (1) whether the Plan fiduciaries discharged their duties of prudence and loyalty with respect to the Plan in (a) monitoring investment options in the Plan and (b) monitoring the Plan's recordkeeping and administrative services arrangements; (2) whether the Plan and its participants and beneficiaries were injured by any breaches of duty; and (3) whether the Plan and its participants and beneficiaries are entitled to any recovery and the measure of any such recovery.

4. The Parties stipulate, and the Court finds, that Plaintiffs are typical of other Class members with respect to the claims at issue in this litigation, as they participated in the Plan during the Class Period and were treated consistently with other Class members.

5. The Parties agree, and the Court finds, that Plaintiffs are adequate to represent the Class and have no known conflicts with any Class members. In addition, Plaintiffs have retained competent and experienced counsel, associated with Miller Shah LLP and Capozzi Adler, P.C., on behalf of the Class. The Parties agree and the Court finds that neither Plaintiffs nor their counsel have any interests that might cause them to refrain from vigorously pursuing the claims in this action. Plaintiffs and their counsel are therefore adequate to represent the Class.

6. The Parties agree, and the Court finds, that certification of the Class is appropriate under Federal Rule of Civil Procedure 23(b)(1)(A) because prosecuting separate actions against

Defendant would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

7. The Parties further agree, and the Court further, finds that certification of the Class is appropriate under Federal Rule of Civil Procedure 23(b)(1)(B) because adjudications as to individual Class members, as a practical matter, would be dispositive of the interests of the other persons not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests relating to those issues.

8. Plaintiffs are appointed as Class representatives.

9. Miller Shah LLP and Capozzi Adler, P.C. are appointed as Class counsel.

IT IS SO ORDERED.

Dated: **January 26, 2024**

_____
UNITED STATES DISTRICT JUDGE